# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:12cr161 |
| | § | (Judge Crone) |
| RUBEN MARTINEZ (4) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Marcia Crone, the Court held a hearing on December 20, 2013, and February 6, 2014, on Defendant's Motion to Withdraw Guilty Plea (Dkt. #149). In his motion, Defendant seeks to withdraw his guilty plea, which was taken by the District Judge on June 17, 2013.

## BACKGROUND

Defendant was arrested on August 22, 2012, on a complaint and the Government moved for detention during the initial appearance held on August 23, 2012. On September 5, 2012, Defendant waived his preliminary and detention hearing and was ordered detained pending trial. On September 12, 2012, Defendant was indicted in a multi-defendant Superseding Indictment. Count one charged Defendants with conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. Defendant was represented by Mark Perez, court-appointed counsel.

Defendant maintained his innocence until the start of trial. Defendant also turned down several plea offers. Then, on the first day of trial, Defendant changed his mind and agreed to enter a plea of guilty prior to the start of jury selection. Defendant entered a plea of guilty to the Superseding Indictment without a plea agreement. Defendant did sign a factual statement in support of his plea of guilty (Dkt. #119). The plea hearing took place before United States District Judge

Marcia A. Crone.

An officer with the United States Probation Office interviewed Defendant to obtain information for preparation of the Presentence Report ("PSR"), including the Defendant's explanation of the events. Defendant admitted his conduct as alleged in the Superseding Indictment and admitted that the information contained in the Statement of Facts in Support of the Plea was true and correct.

On November 14, 2013, Defendant filed his Motion to Withdraw his Guilty Plea (Dkt. #149). Defendant asserts that he did not enter a knowing and voluntary guilty plea because he was coerced into pleading guilty. On December 11, 2013, the Government filed a resposne (Dkt. #156). On December 20, 2013, the Court conducted a hearing on the motion in which the Court heard evidence, including Defendant's testimony. On February 6, 2014, the Court conducted a second hearing on the motion in order for additional testimony to be heard, including the testimony of Defendant's former defense attorney.

## ANALYSIS
### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing her plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007) (citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (citation

omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Id.* at 343-44. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

## Discussion

Defendant's main argument in support of his claim that there is a fair and just reason to allow him to withdraw his guilty plea is that he did not knowingly or voluntarily enter a guilty plea because he was under coercion out of fear that if he went to trial he would be facing thirty years, based upon the advice of his former counsel. Defendant also asserts that venue was not proper in the Eastern District of Texas.

**Defendant's Assertion of Innocence**

Defendant now asserts his legal innocence. He also asserts that he maintained his innocence all the way through the beginning of the trial. However, Defendant offers nothing to the Court to illustrate his innocence other than his generic claim that he is now innocent.

In his plea colloquy with the Court on June 17, 2013, Defendant, under oath, agreed to the

statement of facts and that he was pleading guilty to the facts that he conspired to knowingly and intentionally possess with the intent to distribute and dispense at least 500 grams or more of a substance containing a detectible amount of methamphetamine or 50 grams or more of actual methamphetamine. Defendant then said in his own words that "I agree that I and the other guy, we were going to distribute drugs" and, "the drugs that they found, it was methamphetamine," and he named the other person as Omar Veloz. Defendant also admitted to the amount of methamphetamine involved in the conspiracy. Defendant also admitted that the events described in the Superseding Indictment occurred in the Eastern District of Texas and elsewhere. Defendant also stated that he understood the range of punishment.

After pleading guilty, Defendant was interviewed by a United States Probation Officer and did not assert his innocence.

During the hearing on the motion to withdraw guilty plea, Defendant never denied that he was involved in the conspiracy, other than to generically say that he was asserting his innocence, without any further explanation.

**Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

On June 17, 2013, Defendant pleaded guilty. The first communication from Defendant that

he desired to withdraw his guilty plea was the filing of the motion to withdraw on November 14, 2013. Defendant waited five months from the time he entered his guilty plea to file his motion for withdrawal. It appears that Defendant also waited until after the initial PSR had been prepared before notifying the Court that he wanted to withdraw his guilty plea. The Court finds that Defendant was not prompt. Defendant's delay demonstrates a tactical decision, and Defendant's belief that he made a bad decision in pleading guilty. Therefore, the Court finds that Defendant's delay strongly favors denying the motion.

**Assistance of Counsel**

In order for a Defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (internal citations omitted).

In a recent case, the Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether Defendant was denied close assistance of counsel. *Id.*

The question of whether Defendant received the close assistance of counsel "requires a fact-intensive inquiry." *Id.* Defendant hired new counsel to represent him in his pursuit to withdraw his guilty plea.

Defendant testified that his counsel advised him that if he went to trial, he would be facing thirty years' imprisonment. Defendant's former counsel also testified that he never said that

5

Defendant would be facing thirty years, but that Defendant was looking at twenty to a twenty-four year range. Counsel did indicate that the Government took the position that if Defendant had gone to trial, he would be looking at a minimum thirty years.

Defendant presented no credible evidence at the hearing on the motion for withdrawal of the guilty plea that related to the assistance of counsel. During his plea hearing Defendant stated that he was satisfied with his counsel, that he had discussed the facts of the case with his counsel, as well as any possible defenses. Defendant also stated that he was fully satisfied that his counsel had fully considered the case and that he was satisfied with his counsel's representation and advice.

The Court cannot find fault with the representation provided by Mr. Perez. Therefore, the Court finds that Defendant was not without assistance of adequate counsel in agreeing to plead guilty.

**Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty

plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, including imprisonment of ten years to life imprisonment, and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, that he understood the elements of the offense, and that he understood his constitutional rights. He was advised about the sentencing guidelines, and stated he understood that if he received a sentence longer than he was expecting, he would still be bound by his plea.

Defendant represented that his plea was freely and voluntarily made, and that no one forced him, threatened him, or promised him anything other than what was contained in the plea agreement. The Court went over, in detail, the statement of facts in support of the plea. Defendant acknowledged that the facts were true and correct, and that he was pleading guilty to the facts as recited by the Court. After acknowledging the facts supporting his plea, Defendant entered a plea of guilty to count one of the Superseding Indictment. Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, Defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) (reviewing courts give great weight to the defendant's statement at the plea colloquy).

During the December 20, 2013 hearing, Defendant testified that he felt coerced into pleading guilty because of bad advice from his counsel and the fear of going to prison for thirty years. The Court finds Defendant less than credible. Moreover, Defendant waited until after the initial PSR was prepared to assert his innocence. Just because Defendant has buyer's remorse is not a ground for withdrawing a guilty plea. The Court finds that Defendant's plea was knowing and voluntary.

**Remaining Factors**

The remaining factors for the Court to consider are as follows: (1) whether withdrawal would cause the Government to suffer prejudice if the motion were granted; (2) whether withdrawal would substantially inconvenience the Court; and (3) whether withdrawal would waste judicial resources.

The Government asserts that if the plea were withdrawn, additional work would be required because after the guilty plea, resources were shifted to other matters. Considering the nature of this case, the Court finds that there would be prejudice to the Government if the plea were withdrawn.

After considering the evidence presented, the arguments of counsel, and reviewing the record, the Court finds that none of the *Carr* factors do weigh in Defendant's favor. Defendant presented no evidence that convinces the Court that Defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the Court finds that Defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Guilty Plea (Dkt. #149) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 24th day of February, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE